IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL M. LONG, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:24-cv-00598-RJS-JCB<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

The court previously found Plaintiff United States' federal tax liens remain attached to a property owned by Defendant Tara C. Long and ordered foreclosure.[1] On February 12, 2026, the court granted Tara's "request to conduct a particularized equitable assessment under 25 U.S.C. § 7403 before authorizing foreclosure" and stayed the foreclosure order.[2] Now pending before the court are the parties' equitable assessment briefs.[3] For the reasons explained below, the court concludes Tara is not entitled to equitable relief and lifts the stay of the foreclosure order.

---

[1] Dkt. 55, *Memorandum Decision and Order* (*Summary Judgment Order*) at 10–14.

[2] Dkt. 62, *Order Granting in Part Motion to Reconsider* (*Reconsideration Order*) at 10 (granting Dkt. 58, *Defendant Tara C. Long's Motion for Reconsideration and to Alter or Amend the Judgment Under Fed. R. Civ. P. 59(c), or, in the Alternative, for Relief Under Fed. R. Civ. P. 60(b), and for Temporary Stay Under Fed. R. Civ. P. 62(b)*). For clarity, the court refers to Daniel and Tara Long collectively as the Longs and individually by their first names.

[3] Dkt. 67, *United States' Brief Addressing Equitable Considerations for the Foreclosure of the Subject Property* (*U.S. Brief*); Dkt. 68, *Defendant Tara C. Long's Memorandum Regarding Equitable Assessment of Foreclosure Under 26 U.S.C. § 7403* (*Tara Brief*).

## FACTUAL BACKGROUND[4]

Tara married Defendant Daniel M. Long in early 2015. In 2016, Tara purchased a home in South Jordan, Utah (Subject Property). Shortly after receiving the title, she conveyed the Subject Property to herself and Daniel as joint tenants. Tara's was the sole name on the mortgage. Since 2016, the Subject Property has been Tara's primary residence.

On January 14, 2019, a Utah state court entered a divorce decree awarding the Subject Property to Tara and concluding Daniel was solely responsible for the "entire debt" owed to the IRS for his federal taxes.[5] Daniel has not resided at the Subject Property since the separation period.

As of June 30, 2025, Daniel owes $67,0530.17 in federal taxes, penalties, and interest. The United States brought this case to recover this amount from Daniel and his former spouse Tara.

## PROCEDURAL HISTORY

On November 20, 2025, this court granted default judgment against Daniel for the outstanding tax liability of $67,053.17.[6] The Order also granted the United States summary judgment, finding the United States held a lien against the Subject Property and ordering the lien

[4] The court summarizes the factual background as found in its Order granting the United States summary judgment. *See Summary Judgment Order* at 2–5. The parties include new evidence in their briefs. *See U.S. Brief* at 2–5 (and exhibits thereto); *Tara Brief* at 3–7. Neither side objects to their opponent's evidence. *See* Dkt. 72, *United States' Response Brief Addressing Equitable Considerations for the Foreclosure of the Subject Property* (*U.S. Response*); Dkt. 73, *Defendant Tara C. Long's Reply Memorandum Regarding Equitable Assessment of Foreclosure Under 26 U.S.C. § 7403* (*Tara Reply*). Because the court sits in equity, and neither side objects, this Order relies on new evidence introduced during the equitable assessment briefing when relevant.

[5] Dkt. 48-9, *United States*' *Motion for Summary Judgment and Default Judgment and Supporting Memorandum*, *Exhibit 8* (*Divorce Decree*) at 3–4.

[6] Plus, statutory interest and other additions accruing after June 30, 2025. *Summary Judgment Order* at 15.

be foreclosed.[7] On December 18, 2025, Tara asked the court to reconsider the foreclosure.[8] On February 12, 2026, the court granted Tara's request for the court to conduct an equitable assessment under 25 U.S.C. § 7403 and stayed the foreclosure of the Subject Property.[9] Thereafter, the parties filed briefs addressing equitable assessment.[10] The issue is ripe for resolution.[11]

## ANALYSIS

The court first summarizes the equitable assessment factors before applying them to the facts here.

### I. *United States v. Rodgers*

26 U.S.C. § 7403 provides, "The court shall . . . determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, *may* decree a sale of such property."[12] In *United States v. Rodgers*,[13] the Supreme Court held § 7403 "authorizes the judicial sale of certain properties to satisfy the tax indebtedness of delinquent taxpayers."[14] When the foreclosure implicates the interests of non-liable third parties, the district court enjoys "limited discretion" to not order foreclosure, which "should be exercised rigorously and sparingly."[15]

---

[7] *Id.*

[8] *Motion to Reconsider*.

[9] *Reconsideration Order* at 10.

[10] *See U.S. Brief*; *Tara Brief*.

[11] *See U.S. Response*; *Tara Reply*.

[12] 26 U.S.C. § 7403(c) (emphasis added).

[13] 461 U.S. 677 (1983).

[14] *Id.* at 680.

[15] *Id.* at 711.

The Supreme Court identified four, nonexhaustive factors for the court to consider when deciding whether to exercise this limited discretion: (1) "the extent to which the Government's financial interests would be prejudiced if it was relegated to a forced sale of the parties interest actually liable for the delinquent taxes"; (2) whether the third party has "a legally recognized expectation that that subject property would not be subject to forced sale by the delinquent taxpayer or his or her creditors"; (3) "the likely prejudice to the third party"; and (4) "the relative character and value of the nonliable and liable interests in the property."[16] When weighing these factors, the court must "keep[] in mind the Government's paramount interest in prompt and certain collection of delinquent taxes."[17] These factors are not a "mechanical checklist."[18] The third party has the burden to show foreclosure should not be ordered.[19] If foreclosure is ordered, the innocent third party must be compensated for the loss of their interest.[20]

## II. First *Rodgers* Factor: Prejudice to the Government Resulting from a Partial Sale

The first *Rodgers* factor is "the extent to which the Government's financial interests would be prejudiced if it was relegated to a forced sale of the partial interest actually liable for the delinquent taxes."[21] This factor weights in favor of foreclosure.

---

[16] *Id.* at 709–11.

[17] *Id.* at 711.

[18] *Id.* at 711–12.

[19] *See United States v. Winsper*, 680 F.3d 482, 489 (6th Cir. 2021) (explaining the government does not bear the burden under *Rodgers*).

[20] *Rodgers*, 461 U.S. at 690–91.

[21] *Id.* at 710.

"When there is no market for a partial interest in the property, this factor will weigh significantly in favor of a forced sale."[22] The parties agree partial sale is impracticable here.[23] Tara argues the court need not consider only the two extremes—partial sale or wholesale—because a third option exists: defining a "buyout/refinance window" for Tara to pay the value of the encumbered interest.[24] But, as the Third Circuit explained in *United States v. Cardaci*,[25] "The focus [of the first *Rodgers* factor] should solely be on determining whether the government would be adequately compensated by a partial sale of the taxpayer's interest or whether a sale of the entire property is necessary to vindicate the government's interest."[26] In that case, the district court concluded the first *Rodgers* factor "weighed in the government's favor 'only slightly' because a sale of Mr. Cardaci's interest would provide little value, while requiring Mr. Cardaci to pay rental payments to the government was 'likely to produce much greater collection of taxes to the government compared with the amount likely to be obtained from a foreclosure sale of the entire property.'"[27] The Third Circuit found this was an error: when evaluating the first *Rodgers* factor, the district court may consider only whether there is a market for a partial interest in the subject property.[28] Here, there is no market for Daniel's interest in the Subject Property.[29] Accordingly, this factor weighs significantly in favor of the government.

---

[22] *United States v. Cardaci*, 856 F.3d 267, 275 (3d Cir. 2017) (citing *Rodgers*, 461 U.S. at 710).

[23] *U.S. Brief* at 7 ("The Subject Property is a single-family home. Courts have recognized that single family homes cannot functionally be partitioned in a way of permitted a partial sale. This factor accordingly weighs in favor of a foreclosure of the entire Subject Property." (internal citations omitted)); *Tara Brief* at 14–15.

[24] *Tara Brief* at 14–15.

[25] 856 F.3d 267 (3d Cir. 2017).

[26] *Id.* at 275.

[27] *Id.*

[28] *Id.*

[29] *See id.* ("Because there is no real market for one spouse's interest in a marital home held in a tenancy by the entirety (the sale of which would leave the purchaser as a tenant in common with the remaining spouse), this factor weighs in favor of a forced sale of the [family] home.").

## III. Second *Rodgers* Factor: Tara's Legally Recognized Expectation that the Subject Property Would Not Be Subject to Forced Sale

The second *Rodgers* factor directs the court to "consider whether the third party with a non-liable separate interest in the property would, in the normal course of events[,] . . . have a legally recognized expectation that that separate property would not be subject to forced sale by the delinquent taxpayer or his or her creditors."[30] The court concludes factor weighs in Tara's favor.

An innocent third party's expectation is determined by state law.[31] This factor is "amenable to considerations of degree."[32] Utah provides Tara a legally recognized expectation that the Subject Property would not be subjected to forced sale: "The Utah Supreme Court long ago held that the statutory homestead exception is predicated on title and possession of real property and 'protect[s] the physical thing as a whole from lien or forced sale so long as the exemption continues.'"[33] The government concedes this factor weighs in favor of Tara.[34] The court agrees.

## IV. Third *Rodgers* Factor: Likely Prejudice to Tara

The third *Rodgers* factor directs a court to "consider the likely prejudice to the third party, both in personal dislocation costs and in . . . practical undercompensation[.]"[35] The court concludes this factor weighs in favor of foreclosure.

---

[30] *Rodgers*, 461 U.S. at 710–11.

[31] *See id.* at 711 (looking to protections afforded by Texas law).

[32] *Id.*

[33] *In re Bird*, 577 B.R. 365, 382 (B.A.P. 10th Cir, 2017) (quoting *Panagopulos v. Manning*, 69 F.2d 614, 619–20 (Utah 1937)).

[34] *U.S. Brief* at 7–8.

[35] *Rodgers*, 461 U.S. at 711.

Personal cost is considered because "financial compensation may not always be a completely adequate substitute for a roof over one's head."[36] This factor weighs in the third party's favor when there is "potential for undercompensation for the property interest."[37] Merely losing one's residence is insufficient to satisfy the first prong. [38] If that was enough, "the government could never foreclose against a jointly owned residence—a result clearly untenable under § 7403."[39] Instead, the factor requires some special circumstance of prejudice.[40] For example, in *United States v. Jensen*,[41] the District of Utah found this factor weighed in favor of the innocent third party because she was elderly, suffered from advanced cancer, had no source of income, and did not have enough assets to replace her residence if foreclosed upon.[42] In *United States v. Jones*,[43] the District of New Jersey found this factor weighed in favor a third

---

[36] *Id.* at 704.

[37] *United States v. Bierbrauer*, 936 F.2d 373, 375–76 (8th Cir. 1991); *see also United States v. Marroquin*, No. M-07-212, 2009 WL 10697467, at *8 (S.D. Tex. Feb. 12, 2009) (explaining the factor does not favor the third party when the third party "will receive the compensation to which she is entitled").

[38] *Bierbrauer*, 936 F.2d at 375–76; *see also United States v. Jensen*, 785 F. Supp. 922, 924–25 (D. Utah 1992) ("Simply losing one's place of abode alone, despite its significant impact, does not necessarily justify the court in depriving the government of its interest in a prompt foreclosure sale of the property.").

[39] *Bierbrauer*, 936 F.2d at 375–76.

[40] *See, e.g.*, *id.* at 375–76 ("[T]he inherent indignity and inequity of being remove from one's home" does not "automatically tip the scales in [the third party's] favor."); *Winsper*, 680 F.3d at 492 ("The hardship of having to leave a home with enormous sentimental value itself would not present special circumstances of prejudice that weigh against foreclosure of the entire property."); *Smith v. United States*, No. 3:11–CV–01996 (VLB), 2014 WL 902589, at *17 (D. Conn. Mar. 7, 2014) (explaining "typical relocation expenses are alone insufficient to cause the factor to weigh in favor of denying foreclosure").

[41] 785 F. Supp. 922 (D. Utah 1992).

[42] *Id.* at 924–25.

[43] 877 F. Supp. 907 (D.N.J. 1995).

party who had "always been a housewife," had "no source of income," and had "a minor son residing with her."[44]

Here, Tara identifies no analogous facts showing special circumstance of prejudice. She argues this factor weighs against ordering foreclosures for three reasons: "(i) displacement of Tara and her household from a long-term home; (ii) the practical barriers and costs of relocating; and (iii) the loss of stability tied to a primary residence."[45] But these hardships face nearly every innocent third party facing foreclosure. And, as the United States argues, the facts here show Tara earns a six-figure salary and will be compensated over $200,000 after the liens are satisfied and the mortgage paid.[46] This factor weighs in favor of foreclosure.

## V. Fourth *Rodgers* Factor: Relative Character and Value of Tara's Interest in the Property versus Daniel's

Under the fourth factor, "a court should consider the relative character and value of the non-liable and liable interests held in the property[.]"[47] This factor is neutral when, as here, the third party's interest in the property is equal to the delinquent taxpayer's interest.[48] Daniel and

[44] *Id.* at 918. Relying on *Rodgers* and *Cardaci*, Tara argues this factor also permits considering "whether the forced-sale mechanism imposes avoidable harm on a non-liable owner." *Tara Response* at 9. But neither case supports her proposition. In *Cardaci*, the Third Circuit focused on whether the third party would be undercompensated by force sale of the life estate and included in that calculation the anticipated life expectancy of each spouse. *Cardaci*, 856 F.3d at 278–79. And in *Rodgers*, the Supreme Court explained the court generally instructed the court to "consider the likely prejudice to the third party, both in personal dislocation costs and in . . . practical undercompensation." *Rodgers*, 461 U.S. at 711. Tara does not provide, and the court is unaware of, any authority that permits considering "avoidable harm" under the third *Rodgers* factor. Accordingly, the court limits its analysis to that found in the case law.

[45] *Tara Brief* at 16.

[46] *See U.S. Brief* at 8–9 (citing evidence). Tara does not dispute the United States' calculation. *Tara Response* at 9.

[47] *Rodgers*, 461 U.S. at 711. Tara continues to argue Daniel has no interest in the Subject Property. *Tara Brief* at 10–14. But the Summary Judgment has already found the Subject Property transferred to Tara encumbered. *See Summary Judgment Order* at 12–14. And the Reconsideration Order found that holding was not in err. *Reconsideration Order* at 4–5. Accordingly, the court will not revisit Daniel's present interest.

[48] *United States v. Advent*, 821 F.3d 911, 916 (7th Cir. 2016); *Cardaci*, 856 F.3d at 279–80 (finding the fourth factor neutral when the delinquent taxpayer and third party "own approximately equivalent interests in the property, both in terms of the character and value of their interests"); *Winsper*, 680 F.3d at 492–93 (same).

Tara were joint tenants of the Subject Property. Under Utah law, "the interest of joint tenants shall be equal and undivided."[49] The lien attached only to Daniel's interest and remained attached when that interest was transferred to Tara upon the divorce decree.[50] Accordingly, this factor is neutral.

In sum, only the second factor weighs in Tara's favor, while the first and third factors weigh in favor of foreclosure. In light of the Supreme Court's instruction to exercise the court's "limited discretion . . . rigorous and sparingly," the court is unable to conclude equitable relief is appropriate here.[51]

**CONCLUSION**

For the foregoing reasons, the court concludes foreclosure is appropriate here. Accordingly, the court lifts the stay of the foreclosure order.[52] The Clerk of Court is directed to close the case.

SO ORDERED this 21st day of September, 2026.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

[49] Utah Code Ann. § 57-1-5(4); *see also Withers v. Jepsen*, 2011 UT App 8, ¶ 7 246 P.3d 1215 (distributing property value between joint tenants equally).

[50] *See Summary Judgment Order*.

[51] The court is sympathetic to Tara's plight and disappointed with this outcome. Her former husband is the delinquent taxpayer. It is not lost on the court that the tax liabilities against Daniel are for the years 2011, 2013, 2014, 2015, and 2017. *See Summary Judgment Order* at 3. Daniel does not face tax liability for 2016—the year Tara was married to him. There is no evidence of any wrongdoing by Tara in the record. Even so, this court is bound by Supreme Court precedent that greatly restrains its equitable powers, and these facts do not compare to the cases where discretion has been exercised. Accordingly, this result necessarily follows a faithful application of the case law.

[52] *Reconsideration Order* at 10.